IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL EUGENE TANN            :

    Plaintiff                              :

    v                                           :   Civil Action No.  L-10-612

DAVID LUDWIKOSKI            :
and GEORGE MATEJA
                                             :

    Defendants

## MEMORANDUM

The above-captioned case was filed on March 9, 2010, together with a Motion to Proceed in Forma Pauperis.  Because he appears to be indigent, Plaintiff's motion will be granted.

The Complaint is filed against Plaintiff's college professor and the Assistant Dean of the Science Department at Baltimore County Community College.  Plaintiff is a student and claims Professor Ludwikoski subjected him to disparate treatment regarding class policies.  Paper No. 1 at pp. 2-4.  Plaintiff claims white students were given exceptions to strict policies about late work and late arrival to class.  He also claims that extra credit work he handed in was not going to be considered until he demanded a meeting with both Ludwikoski and Assistant Dean Mateja. Plaintiff claims that several white students did not complete required work but were not penalized.  He states that an answer he provided on a test was marked as incorrect, but the same answer on a white student's paper was marked as correct.  He also alleges that a white student was allowed to come to a test late and another white student was allowed to join the class mid-semester, contrary to strict class policies.

In order to successfully assert a claim of constitutional rights violation, the defendant must be a state actor.  Specifically, the persons charged with the civil rights violation must be a

state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. In the instant case Defendants are employees of a college which receives public funding. "While substantial state assistance is generally a factor to be considered in determining whether the state has coerced or significantly encouraged private action, a private party's dependence upon the state for assistance, even if substantial, does not transform its actions into actions of the state." Mentavlos v. Anderson, 249 F. 3d 301, 314 (4th Cir. 2001). The main inquiry to determine if private conduct translates to government action is whether there is a close nexus between the challenged conduct and the state such that it may be fairly attributed to the state itself. Id. (citing Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001)). Alternatively, otherwise private conduct may be attributed to the state if the state has exercised coercive power such that the action must in law be deemed that of the state, or if the private entity is exercising powers which are traditionally the exclusive prerogative of the state. See Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F. 3d 211, 215 (4th Cir. 1993).

The conduct alleged by Plaintiff in his Complaint is not fairly attributable to the state. See Robinson v. Davis, 447 F.2d 753, 759 (4th Cir. 1971). There is no allegation that a discriminatory policy is in effect; rather, Plaintiff claims that exceptions were made to classroom policy by the professor who authored the policy for reasons not known to Plaintiff. Under these circumstances, the defendants "were not performing any duty imposed upon them by state law nor did they make any 'pretense' that they were acting under state law." Id. Were Plaintiff permitted to proceed with this claim, the door would be opened to every disgruntled student dissatisfied with decisions made by professors in the discharge of their teaching duties. The

resulting quelling effect on academic endeavors in publicly funded colleges would virtually destroy the ability of such institutions to provide adequate education to its students. Thus, the civil rights claims Plaintiff asserts against the Defendants in the instant case must be dismissed.

March 23, 2010

/s/
_____
Benson Everett Legg
United States District Judge