FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2011 NOV 14 A 11: 13
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL EUGENE TANN
*Plaintiff*,

v.

DAVID LUDWIKOSKI, et al.,
*Defendants*.

Civil Action No.: ELH-10-00612

## MEMORANDUM

### A.

On October 17, 2011, plaintiff Michael Tann, *pro se,* filed "Plaintiff's Motion For Summary Judgment And Opposition To Defendants [sic] Summary Judgment Motion" ("First SJ Motion," ECF 58). On October 19, 2011, plaintiff filed a "Motion To Offer A More Definitive Statement Concerning Defendants [sic] Motion For Extension Of Time To File A Reply To Plaintiffs' [sic] Opposition to Defendant's [sic] Summary Judgment Motion / Plaintiffs' [sic] Motion For Summary Judgment; And Plaintiffs' [sic] Motion For A Short Extension Of Time To Amend His Opposition To Defendant's [sic] Summary Judgment / Motion For Summary Judgment" (ECF 62). In a Memorandum dated October 24, 2011 (the "October 24 Memorandum," ECF 63), I granted plaintiff's request for time to amend, until Wednesday, November 2, 2011. According to CM/ECF, however, ECF 62 remains pending. Therefore, ECF 62 is now denied as moot.

### B.

On November 4, 2011, plaintiff filed "Plaintiff's Amended Cross Motion For Summary Judgment And Opposition To Defendants [sic] Summary Judgment Motion" ("Amended SJ Motion," ECF 64). As plaintiff is *pro se* and defendants have not moved to strike the submission

as untimely, I will accept the tardy filing. In any event, it is substantially identical to plaintiff's first submission (ECF 58). Therefore, because it has been superseded by ECF 64, I shall deny ECF 58 as moot.

### C.

Plaintiff filed a "Motion To Seal Summary Judgment Documents" (ECF 61) with respect to four documents, discussed *infra*. I denied that motion in my October 24 Memorandum (ECF 63), because the motion did not comport with Local Rule 105(11); it failed to include "proposed reasons supported by specific factual representations to justify the sealing" or "an explanation why alternatives to sealing would not provide sufficient protection."[1] In the October 24 Memorandum, I advised plaintiff that he would be given an opportunity to withdraw the documents, and that he could, alternatively, file another motion to seal that complies with the requirements of the Local Rules.

Accordingly, plaintiff has filed an "Amended Motion To Seal Summary Judgment Documents" ("Amended Motion to Seal," ECF 65).[2] The motion pertains to four exhibits. "Exhibit 1" is a copy of a February 8, 2007 email exchange between defendant Ludwikoski and plaintiff's classmate, Elizabeth Huh. "Exhibit 2" is titled "General Affidavit" and consists of two statements, one from plaintiff and the other from his classmate, Tina Morris. "Exhibit 3" is an excerpt from defendant Ludwikoski's Answers to Interrogatories. "Exhibit 4" is a copy of a

---

[1] Local Rule 105(11) states: "Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

[2] Plaintiff did not append the four exhibits to his Amended SJ Motion. However, he clearly intended to incorporate by reference the four exhibits appended to the First SJ Motion. Accordingly, in considering plaintiff's Amended SJ Motion and the Amended Motion to Seal, I consider the exhibits appended to the First SJ Motion.

2

May 3, 2007 email exchange between defendant Ludwikoski and plaintiff's classmate, Sarah Pijanowski.

Plaintiff asks to seal the four exhibits pursuant to "the stipulated confidentiality agreement agreed upon by Plaintiff and Defendants' and docketed by the court on April 8, 2011," and because "[n]o other alternative to sealing is adequate as the information in the documents reveals private student information that is part of their academic file [sic]." Plaintiff also argues that "redaction of the documents will be ineffective in shielding the contents of the documents unless the whole document(s) is redacted."

On April 8, 2011, I signed a Stipulated Order (ECF 41), which stated that "all documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits" would be designated, in the first instance, as confidential. The designation of confidentiality is subject to challenge, however. Defendants have not challenged plaintiff's confidentiality designation of the exhibits. Accordingly, with respect to Exhibits 1, 3, and 4, plaintiff's Amended Motion to Seal (ECF 65) will be granted. Exhibit 2, however, does not appear to be within the scope of the Stipulated Order regarding confidentiality.

"There is a well-established common law right to inspect and copy judicial records and documents." *Kianpour v. Restaurant Zone, Inc.*, No. DKC-11-0802, 2011 WL 3880463, at *1 (D. Md. Aug. 30, 2011). "If competing interests outweigh the public's right of access, however, the court may, in its discretion, seal those documents from the public's view." *Id.* The substance of the Affidavits is that Jennifer McBride, a Caucasian classmate of plaintiff and Ms. Morris, came to the door of defendant Ludwikoski's class on the first day, left, and returned mid-way through the semester. Neither plaintiff nor Ms. Morris recalls being informed by Ludwikoski

that there was a limit to the number of extra credit assignments students could turn in. In her Affidavit, Ms. Morris also states that she does not recall being informed that students would be permitted to enter Ludwikoski's class if they arrived late on exam days. She also relates a personal experience of being turned away when she arrived late to class on a day when an exam was not being held.

In my view, the General Affidavit does not demonstrably contain "private student information that is part of their academic file [sic]." Therefore, I will deny plaintiff's motion to seal as to Exhibit 2.

A separate Order consistent with this Memorandum follows.

Date: 11/11/11

/s/
Ellen Lipton Hollander
United States District Judge